UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Elifonso Lopez, a/k/a, "SPIDER,"

    Plaintiff,

vs.                            Case No. 2:10-cv-297-FtM-29SPC

DeSoto County Judge James Parker,
DeSoto County Assistant State
Attorney Jon Byrne,

    Defendants.
_____

### ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined in the DeSoto County Jail and is proceeding *pro se,* initiated this action by filing a civil rights complaint form pursuant to 42 U.S.C. § 1983 with exhibits ("Complaint," Doc. #1), accompanied by an Affidavit of Indigence in which he requests to proceed *in forma pauperis* in this action (Doc. #2). Plaintiff names as Defendants, Judge James Parker and Assistant State Attorney Jon Byrne. Complaint at 6.[1]

The Complaint alleges violations of Plaintiff's Sixth and Fourteenth Amendment rights in connection with Plaintiff's underlying State criminal action at case number 09-CF-393-A. Complaint at 8. In particular, Plaintiff avers that Judge Parker and Assistant State

---

[1] The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

Attorney Byrne have "ignored Plaintiff's [ ] *pro se* emergency motion to dismiss charges(s)."  Id.  Additionally, Plaintiff complains that he has been incarcerated "300 days (give or take a few)" and Plaintiff "has not been able to talk with an attorney[2] nor been to court/trial." Id. at 9.

Because Plaintiff is currently confined in jail and seeks to proceed *in forma pauperis* in this action, the Prison Litigation Reform Act requires that the Court review the instant action to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2).  In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And,

---

[2] Plaintiff acknowledges that Mr. Frank Ribel is his court-appointed counsel.  Id. at 9.

the court views all allegations as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios."  Bilal, 251 F.3d at 1349.  In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007).  Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities

>     guaranteed under the Constitution or laws of the
>     United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff's claim is fatally flawed. While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. In particular, judges are entitled to absolute immunity for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Similarly, prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against either of the named Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint under § 1983. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Plaintiff is challenging the fact and/or duration of his present confinement due to what he perceives as constitutional deprivations, then Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. In particular, a pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998). A petitioner, however, must satisfy two requirements. First, the petitioner must remain "in custody." 28 U.S.C. § 2241. Second, a petitioner must have exhausted his state court remedies. See Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Remedies are not considered exhausted if any state procedures remain available to a petitioner. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 (1973). In particular, a petitioner is required to apprise the state's highest court of the alleged violation of federal rights before seeking intervention by this Court. O'Sullivan v. Boerckel, 526 U.S. 828 (1999). Alternatively, in exceptional circumstances, a petitioner may be excused from the exhaustion requirement when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." Howard v. Davis, 815 F.2d 1429, 1430 (11th Cir. 1987).

ACCORDINGLY, it is now

**ORDERED:**

1. Plaintiff's Complaint is **DISMISSED,** WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

3. The **Clerk** shall transmit one copy of the form for use in Section 2241 cases to Plaintiff along with an Affidavit of Indigence Form with this Order for Plaintiff's future use, if appropriate.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of May, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record